**LeRoy COLLINS, Petitioner,**

v.

**John IGNACIO, Respondent.**

No. 02–15403.

D.C. No. CV–98–00649–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 3, 2003.

Decided Dec. 2, 2003.

LeRoy Collins, pro se, Ely, NV, FPD, Nvl, John C. Lambrose, Office of the Federal Public Defender, Las Vegas, NV, for Petitioner.

Victor H. Schulze, AGNV–Office of the Nevada, Attorney General, Las Vegas, NV, for Respondent.

Before THOMPSON, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Petitioner LeRoy Collins appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition on procedural default grounds. We have jurisdiction under 28 U.S.C. § 2253, and review the dismissal of his petition de novo. *Moran v. McDaniel,* 80 F.3d 1261, 1268 (9th Cir.1996).

██ Collins's claims were procedurally defaulted based on his failure to file a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

timely post-conviction petition in state court. The Nevada statute of limitations constituted an independent and adequate state ground precluding habeas review. *See Id.* at 1269–70; Nev.Rev.Stat. 34.726. Collins has not shown that he had sufficient cause and prejudice to overcome the default. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

 Collins's arguments that Nev.Rev. Stat. 34.726 did not apply to his petition and that the state was judicially estopped from arguing procedural default are not considered because he failed to raise these arguments prior to this appeal. *See Janes v. Wal–Mart Stores,* 279 F.3d 883, 887 (9th Cir.2002). Additionally, the Nevada Supreme Court specifically cited to Nev.Rev. Stat. 34.726 in its denial of Collins's state petition, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

When Collins failed to file a state petition within the prescribed time and prior to filing his first federal petition as the state court had instructed him to do, he procedurally defaulted his claims. Thus, we affirm the district court's dismissal of his habeas petition.

**AFFIRMED**

